IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

PAUL MCLENNAN,                )
                              )
    Petitioner,                )
                              )
    v.                        )    No. 14 C 1189
                              )
MARVIN REED,                  )
                              )
    Respondent.                )

# MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Petitioner Paul McLennan's (McLennan) *pro se* petition for writ of habeas corpus (Petition) brought pursuant to 28 U.S.C. § 2254. For the reasons stated below, the Petition is denied.

# BACKGROUND

After a bench trial in Illinois state court, McLennan was convicted of cannabis trafficking and sentenced to 14 years after police found over 5,000 grams of cannabis hidden in McLennan's motor home (Motor Home). McLennan filed an appeal, and the sentence and conviction were affirmed by the Illinois Appellate Court. McLennan filed a petition for leave to appeal (PLA) with the Illinois Supreme Court, and the PLA was denied on January 26, 2011. On February 18, 2011, McLennan

1

filed a post-conviction petition, which was dismissed. McLennan appealed the post-conviction petition ruling, and the trial court's dismissal was affirmed. The record does not reflect that McLennan filed a PLA on his post-conviction. On August 19, 2013, McLennan filed a state habeas corpus petition, which was denied by the state court. McLennan appealed that ruling and that appeal remains pending. On February 18, 2014, McLennan filed the Petition in the instant action.

## LEGAL STANDARD

An individual in custody pursuant to state court judgment may seek a writ of habeas corpus pursuant to 28 U.S.C. § 2254, which provides the following:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The decision made by a state court is deemed to be contrary to clearly established federal law "'if the state court applies a rule different from the governing law set forth in [Supreme Court] cases, or if it decides a case differently than [the Supreme Court has] done on a set of materially indistinguishable facts.'" *Emerson v. Shaw*, 575 F.3d 680, 684 (7th Cir. 2009)(quoting *Bell v. Cone*, 535 U.S. 685, 694 (2002)). The decision by a state court is deemed to involve an unreasonable application of clearly established federal law "'if the state court correctly identifies

2

the governing legal principle from [Supreme Court] decisions but unreasonably applies it to the facts of the particular case.'" *Emerson*, 575 F.3d at 684 (quoting *Bell*, 535 U.S. at 694).

## DISCUSSION

This court has liberally construed McLennan's *pro se* filings. *See Perruquet v. Briley*, 390 F.3d 505, 512 (7th Cir. 2004)(stating that "[a]s [the plaintiff] was without counsel in the district court, his habeas petition [wa]s entitled to a liberal construction"); *Greer v. Board of Educ. of City of Chicago*, *Ill.*, 267 F.3d 723, 727 (7th Cir. 2001)(indicating that a court should "liberally construe the pleadings of individuals who proceed *pro se*"). McLennan asserts in the Petition: (1) that the State did not prove McLennan guilty beyond a reasonable doubt (Claim 1), (2) that the traffic stop of the Motor Home violated McLennan's Fourth Amendment rights (Claim 2), that the search stop of the Motor Home violated McLennan's Fourth Amendment rights (Claim 3), that the detention of McLennan after the traffic stop violated McLennan's Fourth Amendment rights (Claim 4), and that McLennan's trial counsel was ineffective because he did not challenge certain inconsistencies or call Ms. Nikanni Andrews (Andrews) as a witness (Claim 5).

I. Fourth Amendment Claims

Respondent argues that McLennan's claims which allege violations of McLennan's Fourth Amendment rights (Claims 2, 3, and 4) are barred. When a state

3

court system has "provided an opportunity for a full and fair litigation of a Fourth Amendment claim, a state prisoner cannot be granted habeas relief on the ground that evidence obtained through an unconstitutional search and seizure was introduced at his trial." *Rann v. Atchison*, 689 F.3d 832, 836 n.1 (7th Cir. 2012)(citing *Stone v. Powell*, 428 U.S. 465 (1976)); *see also Cabrera v. Hinsley*, 324 F.3d 527, 532 (7th Cir. 2003)(stating that "[i]n short, 'full and fair' guarantees the right to present one's case, but it does not guarantee a correct result"); *Ben-Yisrayl v. Buss*, 540 F.3d 542, 552 (7th Cir. 2008)(stating that on federal habeas review "[a]s a general principle, absent a subversion of the hearing process, [the Court] will not examine whether the state courts made the right decision"); *Watson v. Hulick*, 481 F.3d 537, 541-42 (7th Cir. 2007)(stating that "a petitioner cannot obtain collateral relief on a Fourth Amendment claim unless the state courts deprived him of a full and fair opportunity to litigate the claim").

In the instant action, the record shows that McLennan was able to file a motion to suppress the evidence obtained from the Motor Home before the trial in his case. McLennan was afforded an evidentiary hearing, and allowed to present evidence and his Fourth Amendment arguments. (R Ex. A 5). The record also shows that after McLennan became dissatisfied with his appointed counsel, McLennan was allowed to directly present arguments at the suppression hearing *pro se* with standby counsel. (R Ex. A 7). The record also shows that after the denial of the motion to suppress, McLennan retained counsel and that such counsel filed a

4

motion to reconsider the denial of the motion to suppress. (R Ex. A 7). After the denial of the motion to reconsider, McLennan then retained new counsel and McLennan filed yet another motion to reconsider, which was also denied. (R Ex. A 8). The record shows that McLennan was then able to seek a review of his Fourth Amendment arguments on direct appeal in the state system and that such arguments were rejected by the Illinois Appellate Court. (R Ex. A); (R Ex. G). The record reflects that McLennan informed the state courts of the factual basis for his Fourth Amendment claims and did so during the pretrial, trial, and post-trial stages through motions and appeals. The Illinois courts carefully and thoroughly analyzed the facts relating to such claims and applied the correct case law to such claims. Since McLennan was provided with a full and fair opportunity to litigate his Fourth Amendment challenges in the state court system, Claims 2, 3, and 4 are barred.

II. Procedurally Defaulted Claims

Respondent argues that Claims 1 and 5 are procedurally defaulted and that there is no justification to excuse the default.

A. Procedural Default

Respondent contends that McLennan failed to raise Claims 1 and 5 through one complete round of the state court appellate review process. A district court "cannot review a habeas petitioner's constitutional issue unless he has provided the

state courts with an opportunity to resolve it 'by invoking one complete round of the state's established appellate review process.'" *Byers v. Basinger*, 610 F.3d 980, 985 (7th Cir. 2010)(quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)). If a habeas petitioner failed to "properly assert[] his federal claim at each level of state court review," the petitioner is deemed to have "procedurally defaulted that claim." *Malone v. Walls*, 538 F.3d 744, 753 (7th Cir. 2008)(quoting *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004)); *see also Johnson v. Hulett*, 574 F.3d 428, 431 (7th Cir. 2009)(stating that "[t]o obtain federal habeas review, a state prisoner must first submit his claims through one full round of state-court review," and that "[t]he penalty for failing to fully and fairly present [] arguments to the state court is procedural default"). A petitioner, in exhausting his state court remedies, has "'the duty to fairly present his federal claims to the state courts.'" *Malone*, 538 F.3d at 753 (stating that fair presentment includes "'the petitioner . . . assert[ing] his federal claim through one complete round of state-court review, either on direct appeal of his conviction or in post-conviction proceedings'")(quoting *Lewis*, 390 F.3d at 1025).

### 1. Claim 1

As indicated above, McLennan asserts in Claim 1 that the State did not prove McLennan guilty beyond a reasonable doubt. McLennan did not present this claim in his direct appeal. (R Ex. C 2-3). McLennan filed a post-conviction petition, but McLennan failed to file a PLA on post-conviction review. (R Ex. K). Therefore,

6

Claim 1 is procedurally defaulted. The court also notes that even if Claim 1 was not procedurally defaulted, the claim lacks any merit. McLennan was pulled over with the Motor Home when speeding. McLennan acted in a suspicious manner and gave suspicious responses to the officer's questions. When the officer asked to search the Motor Home, McLennan consented. More than 5,000 grams of marijuana was ultimately discovered in the Motor Home. The record reflects that the State presented ample evidence upon which McLennan could be found guilty beyond a reasonable doubt.

### 2. Claim 5

As indicated above, McLennan asserts in Claim 5 that McLennan's trial counsel was ineffective because he did not challenge certain inconsistencies or call Andrews as a witness. McLennan did not present this claim in his direct appeal. (R Ex. C 2-3). McLennan filed a post-conviction petition raising certain ineffective assistance arguments, but McLennan failed to file a PLA on post-conviction review. (R Ex. K). Therefore, Claim 5 is procedurally defaulted. In addition, Claim 5 is procedurally defaulted because the Illinois Appellate Court rejected the argument based on an independent and adequate state ground. *Lee v. Foster*, 750 F.3d 687, 693 (7th Cir. 2014)(stating that on federal habeas review, a court "will not entertain questions of federal law in a habeas petition when the state procedural ground relied upon in the state court 'is independent of the federal question and adequate to

support the judgment'")(quoting *Coleman v. Thompson*, 501 U.S. 722, 729 (1991)). The court also notes that even if Claim 5 was not procedurally defaulted, the claim lacks any merit. McLennan seeks to second-guess the professional judgment of his trial counsel. McLennan's counsel's performance was not deficient simply because McLennan was ultimately convicted. Also, to the extent that McLennan now disagrees with certain trial strategies of his counsel, McLennan has not shown that his counsel's decisions were outside the scope of effective assistance of counsel. *See McElvaney v. Pollard*, 735 F.3d 528, 532 (7th Cir. 2013)(stating that "[i]n evaluating an attorney's performance, courts must defer to any strategic decision the lawyer made that falls within the wide range of reasonable professional assistance, even if that strategy was ultimately unsuccessful")(internal quotations omitted)(quoting *Strickland v. Washington*, 466 U.S. 668, 689 (1984)); *Wyatt v. United States*, 574 F.3d 455, 457-58 (7th Cir. 2009)(stating that a "movant must overcome the 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance'" and "[h]e must establish the specific acts or omissions of counsel that he believes constituted ineffective assistance"). Therefore, even if Claim 5 was not procedurally defaulted, it lacks any merit.

### B. Justification to Excuse Default

Respondent also argues that there are no facts in this case that provide a justification to excuse the default of Claims 1 and 5. A procedurally defaulted claim

can still be considered by a district court "if a petitioner can show cause and prejudice or a fundamental miscarriage of justice." *Coleman v. Hardy*, 628 F.3d 314, 318 (7th Cir. 2010); *see also Kaczmarek v. Rednour*, 627 F.3d 586, 591 (7th Cir. 2010)(stating that "[a] federal court on collateral review will not entertain a procedurally defaulted constitutional claim unless the petitioner can establish cause and prejudice for the default or that the failure to consider the claim would result in a fundamental miscarriage of justice"); *Holmes v. Hardy*, 608 F.3d 963, 968 (7th Cir. 2010)(stating that a "way to avoid procedural default is to show actual innocence, that is, to show that in light of new evidence, it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt")(internal quotations omitted)(quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)); *Promotor v. Pollard*, 628 F.3d 878, 887 (7th Cir. 2010)(stating that "default could be excused if [the petitioner] can establish cause and prejudice, or establish that the failure to consider the defaulted claim will result in a fundamental miscarriage of justice"). In the instant action, McLennan has not provided facts showing that he was prevented from properly presenting Claims 1 or 5 in the state system in order to avoid the procedural default. McLennan has not shown cause and prejudice. Nor has McLennan shown actual innocence or a fundamental miscarriage of justice that would excuse the procedural default.

III. Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, the court must issue or deny a certificate of appealability "when it enters a final order adverse to the applicant." *Id.* A district court should only issue a certificate of appealability "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must also show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)(quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). In the instant action, McLennan has not made a substantial showing of the denial of a constitutional right as to any claims presented in his Petition. Nor has McLennan shown that reasonable jurists could debate whether the Petition should have been resolved in a different manner or that the issues presented in the Petition deserve encouragement to proceed further. Therefore, should McLennan decide to appeal this court's ruling, this court finds that a certificate of appealability would not be warranted, and is denied.

## CONCLUSION

Based on the foregoing analysis, the Petition is denied.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: October 27, 2014